## In re Ricky Stevens

[542 A.2d 256]

No. 86-409

Present: **Peck, J., Barney, C.J. (Ret.) and Martin, Supr. J., Specially Assigned**

Opinion Filed December 18, 1987

Motion for Reargument Denied January 8, 1988

*Jarvis and Kaplan*, Burlington, for Petitioner-Appellant.

*John R. Churchill*, Chittenden County Chief Deputy State's Attorney, and *Andrew Lichtenberg*, Law Clerk (On the Brief), Burlington, for Respondent-Appellee.

**Peck, J.** This is an appeal from a May 19, 1986, order of the Chittenden Superior Court, denying the defendant's petition for post-conviction relief pursuant to 13 V.S.A. § 7131. The issue

raised on appeal concerns defendant's decision not to withdraw his plea of nolo contendere. However, defendant failed to make a timely notice of appeal; accordingly, we do not have jurisdiction to decide this appeal. See *State* v. *Savo*, 136 Vt. 330, 388 A.2d 391 (1978).

Defendant entered a plea of nolo contendere to aggravated assault on February 23, 1984, in Chittenden District Court, and the court accepted the plea. Defendant was sentenced on March 28, 1984, and on November 12, 1985, defendant filed a petition for post-conviction relief in superior court. The superior court order denying defendant's petition was filed on May 19, 1986. On July 7, 1986, defendant's attorney was informed of the order denying his petition, and on August 4, 1986, notice of appeal was filed. Defendant was represented by an attorney at all times relevant to this appeal.

V.R.A.P. 4 provides that a notice of appeal must be filed within 30 days of the entry of the judgment or order appealed from. See *State* v. *Savo*, 136 Vt. at 330, 388 A.2d at 391. An order denying a particular post-conviction relief petition becomes final and unappealable after the 30-day period has run. In the instant case the notice of appeal was filed well beyond the time limit of 30 days from the order denying post-conviction relief.

Defendant argues that the Court should not dismiss his appeal since his notice of appeal was filed within 30 days of being informed of the trial court's order. We disagree. V.R.C.P. 77(d) requires the county clerk to notify the parties immediately when an order of judgment is entered, but "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4 of the Rules of Appellate Procedure." V.R.A.P. 4 allows the district and superior courts to extend the time for filing notice of appeal "for good cause" or "excusable neglect" if a request is made within 30 days after the expiration of the original 30 day period. Litigants should not suffer for shortcomings attributable to the court alone; however, the strictures of V.R.C.P. 77(d) and V.R.A.P. 4 are clear. The defendant here had ample time to request an extension but failed to do so within the time period available to him.

The appeal being out of time, this Court lacks jurisdiction and the appeal must be dismissed. See Reporter's Notes, V.R.A.P. 4;

*In re Guardianship of L.B.*, 147 Vt. 82, 84, 510 A.2d 1319, 1320 (1986).

*Appeal dismissed.*