## CITY BANK & TRUST v. LYNDONVILLE SAVINGS BANK AND TRUST COMPANY

[599 A.2d 1051]

No. 91-332

October 30, 1991. Appellant's motion for relief from the entry order of October 8, 1991 dismissing this matter is denied. Timely filing of a notice of appeal is a prerequisite to this Court's exercise of jurisdiction. *In re Stevens*, 149 Vt. 199, 200–01, 542 A.2d 256, 257 (1987). The notice of appeal "shall be filed . . . within 30 days of the date of the entry of the judgment." V.R.A.P. 4. The superior court *upon motion may grant an extension of time for filing*, *id.*, but no such motion was made herein. If a notice of appeal mistakenly is filed in this Court, the clerk "shall note thereon the date on which it was *received* and transmit it to the clerk of the superior court . . ., and it shall be deemed filed in the . . . superior court on the date so noted." *Id.* (Emphasis added.)

Appellant did not "file" its notice of appeal in the superior court by mailing it on the 30th day after judgment. "Timely filing means filing at the designated place within the designated time," *State Farm Mut. Auto Ins. Co. v. Schultz*, 281 Pa. Super. 212, 218, 421 A.2d 1224, 1227 (1980), and "[t]o deposit in the custody or among the records of a court." Black's Law Dictionary 566 (5th ed. 1979). Both the civil and appellate rules provide exceptions to the rule that documents must be received on the date due, see V.R.C.P. 6(e) (three extra days where party served by mail); V.R.A.P. 26(c) (same); V.R.A.P. 25(a) (briefs and printed case dated as of mailing), but they do not apply to the filing of a notice of appeal.

*Appellant's motion for relief from entry order is denied.*