## Maxine F. TURNER v. Jonathan B. TURNER

[641 A.2d 342]

No. 92-488

August 4, 1993. Defendant husband appeals from a divorce order. Because the appeal was untimely filed, we do not have jurisdiction.

Final judgment was entered on July 28, 1992. On August 18, 1992, twenty-one days after the final judgment, defendant filed a motion to amend the judgment, which was untimely. See V.R.C.P. 59(e) (motion to amend judgment must be filed not later than 10 days after entry of the judgment). On September 2, 1992, the court denied the motion because it was untimely filed. The next day, defendant sought an enlargement of time to file the motion to amend under V.R.C.P. 6(b)(2). On September 4, 1992, the court denied defendant's motion for enlargement of time. Defendant appealed to this Court on September 17, 1992, fifty-one days after the entry of the judgment, which was an untimely appeal. See V.R.A.P. 4 (notice of appeal must be filed within thirty days of the date of entry of the judgment). The time for filing the notice of appeal was not

tolled by defendant's untimely motion to amend. See V.R.A.P. 4 (the running of time for filing notice of appeal is tolled only by a timely motion to amend).

In its September 4 denial of the V.R.C.P. 6(b) motion to enlarge time, the court granted defendant additional time to appeal. Under V.R.A.P. 4, a court may extend time for filing notice of appeal "for excusable neglect, upon motion and notice, if request therefore is made within 30 days after the expiration of the period" for filing an appeal. Defendant, however, never requested an extension of time to file an appeal; therefore, the court had no authority to grant such an extension. See *In re Stevens*, 149 Vt. 199, 200, 542 A.2d 256, 256–57 (1987) (where defendant failed to request an extension of time under V.R.A.P. 4 and filed untimely appeal, this Court lacked jurisdiction of appeal). The court could not retroactively treat defendant's Rule 6(b)(2) motion as a Rule 4 motion for an extension of time to file notice of appeal because this did not allow the other party the notice required by Rule 4. Cf. *Campos v. LeFevre*, 825 F.2d 671, 673 (2d Cir. 1987) (federal courts of appeal unanimously construe similar federal rule to require filing of motion for extension of time to appeal and preclude court from treating tardy notice as "substantial equivalent" to such motion); *Condosta v. Condosta*, 139 Vt. 545, 547, 431 A.2d 494, 495 (1981) (it was error for trial court to take judicial notice of prior pleadings *on its own motion* in granting motion to dismiss because motion and notice to other party was denied).

This Court lacks jurisdiction of an appeal where notice is untimely filed, *In re Stevens*, 149 Vt. at 200, 542 A.2d at 257; therefore, the appeal is dismissed.

*Appeal dismissed.*

Motion for reargument denied September 3, 1993.