SAIHBA RAHEMAN *vs.* FAZAL RAHEMAN. No. 01-P-925. September 23, 2003. *Practice, Civil,* Appeal, Notice of appeal, Reconsideration, Relief from judgment. *Divorce and Separation,* Appeal, Relief from judgment.

The defendant husband appeals from the denial, after reconsideration, of his motion for relief from a judgment of divorce nisi, based on his postjudgment claim of insufficient service of process.[1] In the circumstances presented here, we conclude that his appeal is properly before us. However, we also conclude that the motion judge did not abuse her discretion in denying relief, and affirm the order.

1. *Timeliness of appeal.* The plaintiff contends that the defendant's appeal should be dismissed as untimely. The postjudgment procedural history of the case is confusing, and we relate only so much as necessary to frame the issue.

Following the entry, on August 4, 1998, of a corrected judgment of divorce nisi, nunc pro tunc to June 25, 1998, the defendant filed a motion for relief from judgment on January 20, 1999, which included a request that he be given thirty days to assemble and file materials supporting the motion. On or about May 6, 1999,[2] no supporting materials having been filed, a judge of the Probate and Family Court held a hearing on the motion and, by order entered on May 20, 1999, denied it. On June 14, 1999, the defendant filed a motion for reconsideration of his motion for relief from judgment, together with affidavits and other materials to support the motion. A hearing was held on the motion for reconsideration on July 8, 1999, and on November 24, 1999, the motion was endorsed as "denied after reconsideration."

The plaintiff contends that the defendant's appeal is untimely, since the defendant did not file a notice of appeal within thirty days following denial of his motion for relief from judgment. Citing *Selby Assocs.* v. *Boston Redev. Authy.,* 27 Mass. App. Ct. 1188, 1189 (1989), the plaintiff argues that a motion for reconsideration does not postpone the time for appeal. See also *Turner* v. *Evers,* 726 F.2d 112, 114 (3d Cir. 1984).

Both *Selby Assocs.* and *Turner* involved circumstances different from those

---

[1]Though the defendant also filed a notice of appeal from the judgment itself, his counsel stated at the hearing on his motion for relief from judgment that he had elected not to pursue that appeal, and the record assembled and filed with the instant appeal is limited to the record on the motion for reconsideration. In any event, as the defendant (though aware of the complaint) elected not to raise his challenge to the sufficiency of service of process until after judgment had entered, our consideration of his claim on appeal from the judgment itself would be essentially similar to our consideration of the motion judge's disposition, on reconsideration, of the defendant's motion for relief from judgment.

[2]Neither the docket nor the transcript reflects the date of the hearing, but the judge's order refers to a hearing on that date.

in the present case. In both cases denial of a new trial motion was followed by a notice of appeal, and then by a motion for reconsideration. At issue was whether the motion for reconsideration revived the new trial motion and, under Mass.R.A.P. 4(a), as amended, 430 Mass. 1003 (1994) (and the cognate Federal rule), thereby nullified the intervening notice of appeal. The *Turner* court (quoted by the *Selby Assocs.* court) stated: "[W]here, as here, a motion styled as one for reconsideration is made by the same party that *lost* an earlier motion covered by [Fed.R.A.P.] 4(a)(4) and the factual and legal issues surrounding the earlier motion and the current motion are roughly similar, we see no good reason to allow such motions either to postpone the time for appeal or to destroy appeals filed during their pendency." *Turner, supra.*[3] *Selby Assocs., supra.*

By contrast to *Selby Assocs.* and *Turner*, there was no notice of appeal from the denial of the motion for relief from judgment in the present case, so the circumstances do not raise the question whether to nullify a previously filed notice of appeal. More importantly, the motion for reconsideration was supported by a significant body of additional material, the absence of which, in fact, played a significant role in the denial of the earlier motion for relief from judgment. In the circumstances presented here, where the earlier motion appears to have been denied principally due to the absence of supporting materials, the motion for reconsideration relies on a significant body of supplemental supporting material, *and* where the motion judge reconsiders the merits of the motion before deciding it, we conclude that the disposition of the motion for reconsideration is separately appealable.

2. *Denial of relief from judgment.* On our review of the record, we conclude that the motion judge did not abuse her discretion in denying after reconsideration the defendant's request for relief from judgment. "Resolution of a rule 60(b) motion rests in the discretion of the trial judge, and we 'will show marked deference to the lower court's resolution of such a motion.' " *Cullen Enterprises, Inc.* v. *Massachusetts Property Ins. Underwriting Assn.*, 399 Mass. 886, 894 (1987), quoting from *Chiu-Kun Woo* v. *Moy*, 17 Mass. App. Ct. 949, 949 (1983). Though the defendant was aware of the wife's complaint,[4] the defendant elected to assert no challenge to the sufficiency of service until after judgment entered. Even then, the defendant did not submit any materials to support his claim until almost a year had passed following entry of judgment, even though his counsel filed a special appearance on July 24, 1998, and, on July 27, 1998, a motion to stay the sale of real estate as directed by the judgment. The motion judge was well within her discretion to conclude that there was no justification for the defendant's delay in asserting his challenge to the sufficiency of service, and then in submitting materials to support that challenge. The order denying, after reconsideration, the defendant's motion for relief from judgment is affirmed.

*So ordered.*

---

[3]Unlike *Selby Assocs.*, the motion judge in *Turner* denied the motion for reconsideration without reconsidering the merits.

[4]On December 29, 1997, a list of the pleadings in the instant case was filed in separate proceedings involving the same parties pending in India, and the defendant's Indian counsel moved in an Indian court on January 16, 1998, to obtain copies of the pleadings.

*Charles Allan Hope* for Fazal Raheman.
*Richard J. Fallon (Fatema Dahodwala* with him) for Saihba Raheman.