STATE OF VERMONT
SUPERIOR COURT - ENVIRONMENTAL DIVISION

|  |  |  |
|---|---|---|
| Musto Wastewater System and Water Supply Permit WW-1-1949 | } } } | Docket No. 88-5-10 Vtec |
| Musto Wastewater System and Water Supply Permit Revocation | } } } } } | Docket No. 5-1-13 Vtec |

**Decision on the Merits**

The pending case concerns Wastewater System and Potable Water Supply Permit WW-1-1949 (Permit WW-1-1949), granted to David and Martha Musto (Applicants) by the Vermont Agency of Natural Resources (ANR) on March 30, 2009.  Applicants sought the permit for a 0.38 acre lot they own on Lake Bomoseen in Castleton, Vermont, which currently includes a small, seasonal camp building.  Carolyn K. Hignite (Appellant), who is a part-owner of a parcel of land and seasonal camp building adjoining Applicants' property, challenges Permit WW-1-1949 in two coordinated appeals before this Court, including (1) an appeal of ANR's grant of the permit, and (2) an appeal of ANR's decision to deny her petition to revoke the permit.  Raising issues of standing, Applicants cross-appealed in response to both of Appellant's appeals. Appellant in this case is represented by Mark L. Sperry, Esq. and F. Rendol Barlow, Esq.  Gary R. Kupferer, Esq. represents Applicants, and Ann F. Whitely, Esq. represents ANR.

Pursuant to 10 V.S.A. 8504(a) and (h), this Court hears appeals of decisions or acts taken by ANR de novo.  Typically, our de novo review includes a new hearing, in which parties present new evidence and after which this Court renders Findings of Fact and Conclusions of Law.  In this case, however, Appellant, Applicants, and ANR all stipulated to this Court's de novo review of the case without a new hearing, based on pre-filed testimony and witness testimony from the ANR hearing below, in addition to a jointly-filed collection of exhibits.  This Court adopted the parties' stipulated pre-trial order as an Order of the Court on March 7, 2013. Based on our consideration of the evidence in accordance with that Order, we render the following Findings of Fact and Conclusions of Law.

**Findings of Fact**

1. Applicants own a 0.38 acre parcel off of Bellerose Lane in Castleton, Vermont (the Property).  Applicants acquired the Property on or about October 10, 2008.

2. The Property is located on the westerly shore of Lake Bomoseen and includes an existing single story seasonal camp of approximately 960 square feet.

3. On or about March 24, 2009, Applicants applied to the ANR Department of Environmental Conservation for a Wastewater System and Potable Water Supply Permit for a replacement septic system to service a 3-bedroom single family dwelling and an on-site water supply from a drilled bedrock well (the Project).

4. The proposed septic system is generally described as an innovative pre-treated, drip disposal system.

5. The application describes the Project as "the reconstruction of a 3 bedroom year-round use single family residence using a new wastewater disposal system and drilled bedrock water supply well. In doing so[,] a conversion from seasonal to year-round use is required. The existing wastewater disposal system is failing and water is drawn from Lake Bomoseen."

6. The Application also states that the existing use of the lot is a "3 bedroom seasonal use residence" and the proposed use of the lot is a "3 bedroom year round residence."

7. Accompanying the Application is a narrative letter of Elias Erwin of Lincoln Applied Geology, Inc., which provides a detailed explanation of the Project. This letter references the existing dwelling having 3 bedrooms but does not further describe the bedrooms.

8. ANR participated in a pre-application site visit on or about November 13, 2008. An ANR employee did not go inside Applicants' existing camp building. During this site visit, Applicants and/or their engineer informed ANR that Applicants' existing camp building contained two traditional bedrooms and third room containing two built-in beds which were used on a regular basis for sleeping.

9. ANR issued WW-1-1949 to Applicants for the Project on March 30, 2009.

10. Appellant appealed WW-1-1949 to this Court on May 27, 2010.

11. The isolation zone relating to Applicants' proposed water supply well extends onto Appellant's property.

12. Appellant alleges that the isolation zone relating to Applicants' proposed water supply well may prevent or restrict construction of a mound septic system on her property, that this isolation zone will adversely affect her property's value, and that noise and odor

from Applicants' proposed septic system will adversely affect her use and enjoyment of her property and will pollute Lake Bomoseen.

13. Applicants have not undertaken any construction activities pursuant to the issuance of WW-1-1949.

14. Applicants applied for municipal approval for a larger replacement residence.

**Conclusions of Law**

The pending case is divided into two distinct appeals: (1) Appellant's appeal of ANR's decision to grant Applicants' Permit WW-1-1949, and (2) Appellant's appeal of ANR's decision to deny her petition to revoke Permit WW-1-1949. We address each appeal in turn, and, to the extent necessary, address Applicants' two cross-appeals, each of which challenges Appellant's standing to appeal.

**I. Appeal of Wastewater and Water Supply Permit WW-1-1949.**

Appellant challenges ANR's grant of a Wastewater System and Potable Water Supply Permit to Applicants pursuant to 10 V.S.A. § 8504. Section 8504(a) permits an aggrieved person to appeal an act or decision of the Secretary of ANR to the Environmental Division. Such a person must bring such an appeal within 30 days of the decision appealed, however. Id. In this case, ANR issued Permit WW-1-1949, which Appellant appeals, to Applicants on March 30, 2009. Appellant filed her notice of appeal of that permit decision on May 27, 2010, over one year later. Applicants therefore ask this Court to dismiss the appeal as untimely.

Appellant first argues that Applicants are barred from raising the issue of the timeliness of Appellant's appeal, because Applicants failed to raise this issue in their Statement of Questions. However, as the Vermont Supreme Court has noted, "[t]he failure to effect a timely appeal extinguishes subject matter jurisdiction." Boutwell v. Town of Fair Haven, 148 Vt. 8, 10 (1987) (citing Harvey v. Town of Waitsfield, 137 Vt. 80, 82 (1979)); see also City Bank & Trust v. Lyndonville Sav. Bank & Trust Co., 157 Vt. 666, 666 (1991) (mem.) (citing In re Stevens, 149 Vt. 199, 200-01 (1987)) ("Timely filing of a notice of appeal is a prerequisite to this Court's exercise of jurisdiction."). In other words, this Court lacks the subject matter jurisdiction to hear an appeal filed after the statutory filing deadline. It is well established that a lack of subject matter jurisdiction may be raised at any time, by a party to the case or by the Court itself. See, e.g. Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235; Brigham v. State, 2005 VT 105, ¶ 9, 179 Vt. 525 (mem.). Accordingly, Applicants are not barred from raising the timeliness of Appellant's appeal.

Appellant next argues that, in any case, her appeal is timely. Although Appellant filed her appeal well outside of the 30-day appeal period provided by 10 V.S.A. § 8504(a), Appellant claims that this Court should entertain the appeal because the grounds for the appeal only came to light on April 30, 2010. Appellant contends that testimony filed on that date in the coordinated permit revocation action demonstrated that the ANR permitting official responsible for issuing Permit WW-1-1949 disregarded applicable law when issuing the permit and instead relied on unwritten policies and practices. According to Appellant, this violated Appellant's right to due process by depriving her of notice that ANR would not utilize the proper review criteria when issuing the permit.

We find Appellant's argument unpersuasive. Appellant does not allege any facts that prevented her from filing a timely appeal of Permit WW-1-1949, such as a lack of notice of the permit approval itself.[1] Instead, Appellant claims that she should have the right to bring a late appeal because she was unaware of the allegedly improper <u>grounds</u> of the ANR permitting decision. Appellant cites no relevant Vermont law in support of this claim, and we do not find it adequate grounds to disturb the finality of a permit that was not timely appealed. See <u>In re Hignite</u>, 2003 VT 111, ¶ 8, 176 Vt. 562 (emphasizing the strong policy interests in the finality of permitting decisions). Appellant also argues that her injury in this case, for the purposes of tolling the statutory 30 day appeal period, began upon her discovery that ANR's decision was based on improper standards. Similarly, we see no merit to Appellant's argument; her injury stemmed from ANR's approval of the permit itself, not the grounds for that approval. Accordingly, we **DISMISS** Appellant's appeal of Permit WW-1-1949 as untimely.

## II. Revocation of Permit Pursuant to Wastewater Rules § 1-404(b).

Appellant also requests that this Court revoke Permit WW-1-1949 under Wastewater Rules § 1-404(b)(1) and (2). We first note that, under the Wastewater Rules, permit revocation appears to be discretionary. See Wastewater Rules § 1-404(a) ("The Secretary <u>may</u> revoke a permit either in response to a petition or on his or her own motion."); see also, e.g., <u>Town of Calais v. Cnty. Rd. Comm'rs</u>, 173 Vt. 620, 621 (2002) (mem.) ("The plain, ordinary meaning of the word 'may' indicates that a statute is permissive, not mandatory.") (internal citations omitted). With this in mind, we consider Appellant's arguments for revoking Permit WW-1-1949 under § 1-404(b)(1) and (2). Before we review Appellant's claims under these provisions,

---

[1] In any case, Appellant acknowledges that under 10 V.S.A. Chapter 64, which establishes ANR's wastewater and potable water permitting program, ANR was not required to provide her notice of its approval of Permit WW-1-1949. See (Appellant's Reply Memo. at 4, filed June 11, 2013.)

4

however, we address Applicants' argument that Appellant lacks standing to bring the revocation action.

### a. Standing

Wastewater Rules § 1-404(d) provides that a person may have party status in a permit revocation proceeding if the person demonstrates that his or her property "is directly affected by the permitted project." Similarly, 10 V.S.A. § 8504(a) allows a person "aggrieved" by an act or decision of the Secretary of ANR to appeal that act or decision to this Court. See also 10 V.S.A. § 1997. A "person aggrieved" is one who claims an injury to a particularized interest protected under, among other chapters, the potable water supply and wastewater system permit chapter of V.S.A. Title 10. See 10 V.S.A. § 8502(7); see also Brod v. Agency of Natural Res., 2007 VT 87, ¶ 9, 182 Vt. 234 ("For standing, plaintiffs must present a real—not merely theoretical—controversy involving 'the threat of actual injury to a protected legal interest'" rather than "'merely speculating about the impact of some generalized grievance.'") (quoting Parker v. Town of Milton, 169 Vt. 74, 77 (1998)). Accordingly, we consider whether Appellant in this case has alleged that her particular property interests will be directly affected by the permitted project.

Appellant, the part-owner of property adjoining Applicant's property, makes a number of allegations of harm to her particular property interests as a result of the project approved by Permit WW-1-1949. She claims that the isolation zone of Applicants' proposed well will prevent her from constructing a mound septic system on her own property and will affect her property's value. She also argues that Applicant's proposed wastewater system will pollute the lake, which Appellant relies upon as the water supply for her camp, and that the noise and odor of Applicant's proposed wastewater system will affect Appellant's use and enjoyment of her property. Finally, Appellant claims that Applicants' proposed project will affect her rights under a Restrictive Covenant granted to Appellant and her brothers by a former owner of Applicants' property.

We find that Appellant has made a sufficient showing of the possibility of direct and particularized harm to her property interests as the result of Applicants' proposed project. Appellant therefore has standing to appeal ANR's decision denying her petition to revoke Permit WW-1-1949.

### b. Revocation of Permit under Wastewater Rules § 1-404(b)(1)

Through Question 13 in her Statement of Questions in the permit revocation action, Appellant claims that Applicants' permit should be revoked under Wastewater Rules § 1-404(b)(1) for "violation of a permit condition." In her filings, however, Appellant does not claim that Applicants <u>have</u> violated a condition of Permit WW-1-1949, but rather that Applicants propose to construct a structure on their property that <u>would</u> violate the permit. Without alleging that a permit violation has actually occurred, Appellant fails to state a cognizable claim for this Court's review under Wastewater Rules § 1-404(b)(1). Because we cannot grant relief for a potential future permit violation, we **DISMISS** Appellant's Question 13 and the portion of Question 1 that refers to a violation of a permit condition.

### c. Revocation of Permit under Wastewater Rules § 1-404(b)(2)

Several of Appellant's questions in her Statement of Questions refer to her claim that Applicants' wastewater permit should be revoked under Wastewater Rules § 1-404(b)(2) because Applicants provided false or misleading information in support of their application for Permit WW-1-1949. The submission of "false or misleading information" in order to secure a wastewater permit is a basis for the revocation of the permit under § 1-404(b)(2). Accordingly, we may consider Appellant's questions, including a portion of Question 1 and Questions 3, 4, and 12, that ask this Court to review whether Applicants submitted false or misleading information in support of their permit. We will not review Appellant's questions, however, that ask this Court to review determinations made in the ANR hearing below or ask the Court to evaluate Applicants' permit application under the Wastewater Rules anew. A review of determinations made in the hearing below is largely outside the scope of our de novo review, and an evaluation of Applicants' permit application under the Wastewater Rules is only appropriate in an appeal of ANR's approval of the permit, not in a revocation action. We therefore **DISMISS** Appellants' Questions 2, 5, 6, 7, 8, 9, 10, 11, and 14 as outside the limited scope of our review in this action to revoke Permit WW-1-1949 under Wastewater Rules § 1-404(b).

Appellant's Question 1 asks, in part, whether this Court should revoke Permit WW-1-1949 for "submission of false or misleading information in support of the Permit." (Appellant's Statement of Questions at 2, filed Jan. 29, 2013.) Questions 3, 4, and 12 provide more detail on the two alleged misrepresentations Applicants made to ANR in seeking a wastewater permit: first, that Applicants misrepresented the number of bedrooms in their current camp building,

and second, that Applicants misrepresented the size of the structure they intend to build to replace the current building. We address each alleged misrepresentation in turn.

Appellant claims that Applicants, with full knowledge that their existing cabin had at all times only two bedrooms as defined in the Wastewater Rules, falsely stated on their permit application that the cabin had three bedrooms. As we state in our findings of fact above, however, Applicants, and their hired engineer, informed ANR permitting officials during a pre-application site visit that their cabin had two traditional bedrooms and one multi-purpose room that contained built-in beds and that had been used often for sleeping as of January 1, 2007. Although Applicants' permit application did not mention that distinction, we see no room on the application for such a distinction to be made. Moreover, the testimony demonstrates that Applicants' belief that their cabin contained three bedrooms for the purposes of securing a wastewater permit was consistent with ANR's interpretation of the Wastewater Rules. In this revocation action, we have no jurisdiction to review ANR's interpretation of its own rules in relation to this permit. Rather, we simply ask whether Applicants submitted false or misleading information in support of their permit application. Under the circumstances, it is clear that Applicants submitted no false or misleading information regarding the number of bedrooms in their existing camp structure to ANR in support of their permit application.

Appellant also claims that Applicants falsely represented on their permit application that the replacement structure they intended to build on their property would be a "reconstruction" of the existing camp building with the same footprint as the existing camp building. Appellant points to the fact that around the time Applicants received their wastewater permit, which included a site plan showing that Applicants' proposed replacement building would have the same footprint as the existing cabin, Applicants submitted a municipal permit application showing a structure that exceeded the current cabin's footprint and was substantially larger. See (Appellant's Memorandum of Law at 33, filed May 7, 2013); compare Appellant's Ex. 4 with Appellant's Ex. 5. Appellant argues that this is proof that Applicants materially misrepresented the size of their proposed structure to ANR.

We disagree, however. Projects often change as various permits are sought and received; such changes are not, alone, indicative of misrepresentation. To the extent that changes to Applicants' project causes them to receive conflicting municipal and ANR wastewater permits, those conflicts must be resolved before Applicants act on those permits. We note, however, that ANR also provided credible testimony at the hearing below that,

7

pursuant to Agency Guidance Document 2007-03, "reconstructed" structures need not have the exact same footprint as an original structure to meet the requirements of Wastewater Rules § 1-304(a)(21)(B). We also see nothing in the Wastewater Rules that forbids a reconstructed building from exceeding the height or overall square footage of an original structure. Accordingly, we conclude that Applicants did not submit false or misleading information regarding their proposed replacement building in support of their ANR wastewater permit application.

## Conclusion

For the reasons discussed above, we **DISMISS** Appellant's appeal of ANR's granting of Permit WW-1-1949. We also **DISMISS** Questions 2, 5, 6, 7, 8, 9, 10, 11, 13, 14 and a portion of Question 1 raised by Appellant in her action to revoke Permit WW-1-1949. In response to the remainder of Question 1 and Questions 3, 4, and 12 raised by Appellant in the permit revocation action, we conclude that Applicants did not submit false or misleading information in support of their permit application for Permit WW-1-1949. Accordingly, we **DENY** Appellant's request to revoke Permit WW-1-1949 and we uphold ANR's decision below.

A Judgment Order accompanies this Decision. This completes the current proceedings before this Court.

Done at Burlington, Vermont, this 28th day of August, 2013.

_____

Thomas G. Walsh, Environmental Judge