2013 VT 16A

### Mary Fagnant v. Kim Foss

[82 A.3d 570]

No. 12-030

Present: **Reiber, C.J., Dooley, Skoglund, Burgess and Robinson, JJ.**

Opinion Filed August 30, 2013

*Todd D. Schlossberg* of *Law Office of Todd D. Schlossberg*, Burlington, for Plaintiff-Appellant.

*Susan J. Flynn* of *Clark, Werner & Flynn, P.C.*, Burlington, for Defendant-Appellee.

*William H. Sorrell*, Attorney General, and *Bridget C. Asay*, Assistant Attorney General, Montpelier, for Amicus Curiae State of Vermont.

¶ 1. **Per Curiam.** Upon consideration of defendant's motion for reargument, an amicus curiae memorandum of law in support of that motion filed by the Attorney General's Office, and plaintiff's memorandum of law in opposition to the motion, we grant the motion for reargument, withdraw our opinion of March 15, 2013, and replace it with the instant opinion dismissing this appeal as untimely filed.

¶ 2. The facts surrounding the timeliness issue are undisputed. On September 23, 2011, the jury entered a verdict, and on September 26, 2011, the trial court entered a judgment, in favor of defendant. Having concluded that a low-impact automobile accident resulting from defendant's negligence was not the proximate cause of any injuries and harm to plaintiff, the jury did not assess any damages against defendant. On October 7, 2011, plaintiff filed a timely motion to set aside the verdict and for a new trial pursuant to Vermont Rule of Civil Procedure 59(a), arguing that: (1) the evidence, even when viewed most favorably to the verdict, demonstrated that plaintiff sustained at least some injury as the result of the accident; (2) the jury's verdict to the contrary reflected a manifest disregard of that evidence; and (3) defendant's statement during closing argument that plaintiff was required to prove that she suffered a permanent injury was an erroneous and improper statement of the law that undermined the integrity of the jury's verdict. Plaintiff's timely Rule 59 motion tolled the running of the thirty-day appeal period until the trial court ruled on the motion. V.R.A.P. 4(b).

¶ 3. On November 22, 2011, the trial court denied plaintiff's Rule 59 motion. The court acknowledged the testimony of plain-

tiff's three experts stating that plaintiff suffered from pain caused by the accident, but noted that those opinions were highly dependent on plaintiff's self-reported statements and that the evidence, including the testimony of plaintiff's daughter, had called into question plaintiff's credibility, which was for the jury to assess. The court concluded that, given the conflicting testimony and evidentiary inconsistencies, there was no compelling indication that the jury unreasonably or unjustifiably disregarded the substantial weight of the evidence presented at trial. In rejecting plaintiff's reliance on a three-justice-panel decision of this Court, the trial court noted that plaintiff never asked the jury to consider awarding her damages for short-term injuries and that her entire case was premised on a claim that she sustained long-term injuries from the accident.

¶ 4. On November 28, 2011, six days after the court's denial of her Rule 59 motion, plaintiff filed a motion for reconsideration or clarification of the trial court's ruling on plaintiff's Rule 59 motion. The motion for reconsideration sought the same relief on the same grounds as set forth in her earlier Rule 59 motion, but specifically took issue with the court's comment that plaintiff had sought damages only for long-term permanent injuries and never asked the jury to consider an award based on short-term injuries. Plaintiff noted that the first question on the special verdict form asked the jury whether she had suffered "any" injury as the result of the accident and that she did not request, and the court did not give, an instruction limiting her claim to long-term or permanent injuries. Hence, she reiterated her principal argument made in her Rule 59 motion that the evidence did not support the jury's conclusion that she sustained no injury as the result of the accident.

¶ 5. On December 28, 2011, the trial court denied plaintiff's motion for reconsideration. In denying the motion, the court once again emphasized that the opinions of plaintiff's experts were "wholly dependent" on plaintiff's self-reported statements of having sustained an immediate injury following the accident and that those statements were undercut by challenges to plaintiff's credibility, which was for the jury to assess. The court also reiterated that plaintiff's strategy at trial was to focus on obtaining compensation for long-term injuries that she claimed resulted from the accident, which is why plaintiff did not object to defense counsel's statements in closing argument framing the dispute as

such. Plaintiff filed a notice of appeal from that ruling on January 25, 2012. The notice of appeal was filed within thirty days of the date of the trial court's ruling on her motion for reconsideration, but more than sixty days after the court's ruling on her original Rule 59 motion.

¶ 6. On appeal, defendant's first, albeit brief, argument was that this Court lacked jurisdiction to hear the appeal because it was untimely filed. See *City Bank & Trust v. Lyndonville Sav. Bank & Trust Co.*, 157 Vt. 666, 666, 599 A.2d 1051, 1052 (1991) (mem.) (noting jurisdictional nature of timeliness of appeal). Defendant acknowledged that plaintiff's initial Rule 59 motion tolled the running of the appeal period until the trial court ruled on the motion on November 22, 2011, but argued that plaintiff's motion for reconsideration did not continue to toll the running of the appeal period because it was not filed within ten days of the underlying judgment. In making this argument, defendant implicitly indicated that Rule 59 motions must be filed within ten days of the underlying judgment, see V.R.C.P. 59(b) ("A motion for a new trial shall be filed not later than 10 days after the entry of the judgment."); V.R.C.P. 59(e) ("A motion to alter or amend the judgment shall be filed not later than 10 days after entry of the judgment."), and that only timely Rule 59 motions toll the running of the appeal period, see V.R.A.P. 4(b) (stating that running of appeal period is terminated by "timely motion" under enumerated rules, including Rule 59); *Turner v. Turner*, 160 Vt. 646, 646-47, 641 A.2d 342, 343 (1993) (mem.) ("The time for filing the notice of appeal was not tolled by defendant's untimely motion to amend."). Thus, defendant's argument appeared to presume that plaintiff's motion for reconsideration could be treated as a Rule 59 motion, albeit an untimely one that could not toll the running of the appeal period.

¶ 7. Nevertheless, in rejecting this argument, we cited only our settled law that a motion for reconsideration is treated as a Rule 59 motion if its content and timing indicate that it was, for all intents and purposes, such a motion. *Fournier v. Fournier*, 169 Vt. 600, 601, 738 A.2d 98, 100 (1999) (mem.); *Murray v. St. Michael's Coll.*, 164 Vt. 205, 208, 667 A.2d 294, 297 (1995). We concluded that, even though plaintiff's motion for reconsideration was directed at the trial court's denial of her Rule 59 motion rather than the underlying judgment, the motion was essentially a motion to alter or amend that continued to toll the running of the appeal period.

¶ 8. Defendant filed a timely motion for reargument, asserting that we had overlooked her argument that a Rule 59 motion is not timely unless filed within ten days of the judgment being appealed and that the motion here, irrespective of whether it could be considered a Rule 59 motion, was not filed within ten days of the judgment and thus was not a *timely* Rule 59 motion that tolled the running of the appeal period. Following the filing of defendant's motion, the Attorney General filed a motion for permission to submit an amicus memorandum of law in support of the motion, noting that our holding on this issue was contrary to established federal law and created uncertainty over the finality of judgments. We granted that motion and gave plaintiff the opportunity to file a memorandum of law opposing defendant's motion.

¶ 9. Upon review of those memoranda of law and further consideration of the issue, we grant defendant's motion for reargument, withdraw our March 15, 2013 decision, and replace it with the instant opinion dismissing plaintiff's appeal as untimely filed. In so ruling, we acknowledge that the question is not whether plaintiff's motion for reconsideration may be considered, for all intents and purposes, a Rule 59 motion — it surely may be as established by the case law cited in our original opinion — but rather whether that motion, assuming it was intended as a Rule 59 motion, tolled the running of the period for appealing the underlying judgment.

¶ 10. ▮ The plain meaning of our rules compels us to answer the latter question in the negative. The motions listed in Rule 4(b) toll the running of the appeal period only if they are timely filed. V.R.A.P. 4(b) (stating that running of appeal is terminated by "timely motion" under rules enumerated therein, and full time for appeal is computed from entry of order made upon such "timely" motion). Rule 59 motions are timely only if filed no later than ten days after the entry of the judgment. V.R.C.P. 59(b), (d). In the instant case, plaintiff's motion for reconsideration — for all intents and purposes a Rule 59 motion — was filed more than ten days after entry of the judgment being appealed and thus was untimely. Because it was untimely, it did not toll the running of the appeal period.

¶ 11. ▮ Rule 4 of the Vermont Rules of Appellate Procedure "is substantially identical to Federal Appellate Rule 4," Reporter's Notes, V.R.A.P. 4, and Rule 59 of the Vermont Rules of Civil

Procedure "is substantially similar to Federal Rule 59," Reporter's Notes, V.R.C.P. 59. The federal case law on successive motions for a new trial or to alter or amend a judgment is well-established, generally uniform, and consistent with the plain meaning of the rules described above. If a motion terminating the running of the appeal period is made under Federal Rule 4, "a motion to reconsider the district court's denial of the motion does not suspend further the running of the appeal period" unless the motion "is granted in a way that changes the judgment so as to harm the opposing party," in which case "the party injured by the change can suspend the time for appealing from the amended judgment by filing a timely motion for reconsideration." 16A C. Wright et al., Federal Practice and Procedure § 3950.4, at 381-87 (4th ed. 2008); see also 20 J. Moore, Moore's Federal Practice § 304.13[3], at 304-45-304-46 (3d ed. 2013) ("In order to terminate the running of time for filing a notice of appeal, a motion under one of the Civil Rules enumerated in Appellate Rule 4(a)(4) must be timely filed. . . . [A] second motion, filed after denial of the initial motion, does not toll the time for appeal unless the second motion is also filed timely, as measured from the entry of the underlying judgment.").

¶ 12. ▮ As the Second Circuit of the United States Court of Appeals stated after surveying opinions by the other federal circuit courts: it is "well established in other Circuits that '[a] motion to reconsider an order disposing of a [time tolling post-trial] motion of the kind enumerated in . . . Rule 4(a)[(4)] does not again terminate the running of the time for appeal.' " *Glinka v. Maytag Corp.*, 90 F.3d 72, 74 (2d Cir. 1996) (quoting *Dixie Sand & Gravel Co. v. Tenn. Valley Auth.*, 631 F.2d 73, 74 (5th Cir. 1980)); see also *Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 389 (1st Cir. 1994) ("It is well settled that a motion for reconsideration served more than ten days after the entry of judgment does not affect the time for appealing from that judgment."); *Charles L.M. v. Ne. Indep. Sch. Dist.*, 884 F.2d 869, 870-71 (5th Cir. 1989) (holding "that the second motion was a successive motion for reconsideration, condemned by well-established authority in this and other circuits," and stating that "[t]he interest of finality requires that parties generally only get one bite at the rule 59(e) apple for the purpose of tolling the time for bringing an appeal"). The court in *Glinka* adopted the well-established rule, declining to create a different rule that would undermine the finality of

judgments by encouraging the filing of successive motions to extend the notice-giving period. *Glinka*, 90 F.3d at 74.

¶ 13. ■ State courts addressing this issue have arrived at the same conclusion for the same reasons. See, e.g., *Sears v. Sears*, 422 N.E.2d 610, 612-13 (Ill. 1981) (citing interests of finality and efficient administration of justice in holding that successive post-judgment motions do not toll the running of the appeal period); *Elam v. S. Car. Dep't of Transp.*, 602 S.E.2d 772, 777 (S.C. 2004) (reaffirming its adherence to prevailing federal rule that successive Rule 59 motions do not toll running of appeal period). We join those courts in holding that an untimely successive Rule 59 motion does not toll the running of the appeal period.

¶ 14. None of the arguments raised by plaintiff in opposition to defendant's motion for reargument persuades us otherwise. Plaintiff first argues that our decision on this issue in the original opinion was correct and that the motion for reargument fails to meet the criteria of Vermont Rule of Appellate Procedure 40, which requires the moving party to state points of law or fact overlooked or misapprehended in the original opinion. As indicated above, defendant squarely, albeit briefly, argued that a second post-judgment motion filed beyond the ten-day time limit, such as plaintiff's motion for reconsideration in this case, does not toll the running of the appeal period. Her arguments in her motion for reargument, as well as those in the Attorney General's memorandum of law in support of that motion, merely cite additional authority and reasoning for essentially the same argument raised in her principal brief. Instead of addressing this argument directly in our original opinion, we focused on the fact that the motion for reconsideration was filed within ten days of the trial court's denial of plaintiff's Rule 59 motion and thus could be considered a timely motion to alter or amend. In short, our ruling on this issue never reached the core argument presented by defendant, and thus defendant's motion for reargument fits within the parameters of Rule 40. As for plaintiff's insistence that our initial decision was correct, she fails to cite, and we have not found, a single case that directly supports allowing her motion for reconsideration to toll the running of the period for appealing from the underlying judgment in this case entered over two months earlier.

¶ 15. ■ Plaintiff also argues that defendant failed to preserve before the trial court the issue that her motion for reconsideration

did not toll the running of the appeal period. This argument makes no sense. The timeliness of plaintiff's appeal did not become an issue until she filed her notice of appeal after the trial court denied her motion for reconsideration. Because the timely filing of an appeal is a jurisdictional prerequisite for appellate review, it is not necessary to oppose a post-judgment motion as out of time to preserve the issue of whether a subsequent notice of appeal was timely filed. See *Lizardo v. United States*, 619 F.3d 273, 278 (3d Cir. 2010) ("An *untimely* Rule 59(e) motion does not toll the time for filing an appeal under Rule 4(a)(4)(A). This is true even if the party opposing the motion did not object to the motion's untimeliness and the district court considered the motion on the merits.").

¶ 16. Next, plaintiff argues that even if this Court concludes that the appeal from the underlying judgment was untimely, there remains a timely appeal from the denial of her motion for reconsideration. We disagree. Plaintiff's brief argument relies exclusively on *Raheman v. Raheman*, 795 N.E.2d 1239 (Mass. App. Ct. 2003), an intermediate appellate state court decision involving unique circumstances. In that case, the appellate court considered whether an appeal from denial of the defendant's motion for reconsideration of the trial court's earlier denial of his motion for relief from judgment was properly before it. The court concluded that the motion for reconsideration was "separately appealable" because: (1) the initial denial of relief from the underlying judgment was based on the absence of supporting materials; (2) the motion for reconsideration "was supported by a significant body of additional material"; and (3) the motion judge reconsidered the merits of the motion before deciding it. *Id.* at 1241-42.

¶ 17. ■ We need not decide if we would arrive at a similar holding under similar circumstances because in this case, as detailed above, plaintiff's two post-judgment motions sought the same relief on the same grounds — a new trial because the jury's determination that plaintiff had not suffered any injury as the result of the accident was contrary to the evidence presented at trial, which plaintiff argued conclusively demonstrated that she had suffered at least some injury. The fact that plaintiff in her motion for reconsideration challenged one comment that the trial court made in denying her Rule 59 motion — that plaintiff's case was aimed at recovering damages for long-term injuries — did not

make the court's denial of that motion an appealable decision distinct from the underlying judgment and its order denying her initial Rule 59 motion. See *Acevedo-Villalobos*, 22 F.3d at 390 (holding that plaintiffs' untimely second motion for reconsideration that sought same relief on same grounds did not enlarge time for appeal); see also *Martinez v. City of Chicago*, 499 F.3d 721, 726-27 (7th Cir. 2007) (noting that underlying judgment and denial of timely Rule 59 motion are not separately appealable because they merge and are both properly before appellate court); *Sears*, 422 N.E.2d at 612 (noting that as practical matter denial of timely post-judgment motion is always reviewable along with underlying judgment).

¶ 18. The trial court made it clear that the primary basis for denying plaintiff's Rule 59 motion and her motion for reconsideration was that the evidence, including that which placed in doubt plaintiff's credibility, supported the jury's conclusion that plaintiff suffered no injury as the result of the accident. The court's comment that plaintiff's focus at trial was on obtaining damages for long-term injuries was not central to its decision to deny plaintiff's Rule 59 motion.

¶ 19. Plaintiff next argues that if this Court adopts a general rule that a Rule 59(e) motion following the denial of a Rule 59(a) motion does not toll the running of the appeal period, we should recognize an exception where the second Rule 59 motion is filed within ten days of the first one and primarily raises issues that were not raised before. In making this argument, plaintiff relies upon the South Carolina Supreme Court's decision in *Elam*. The principal flaw in this argument is that, as explained above, the applicable rules plainly provide that only timely filed Rule 59 motions toll the running of the appeal period.

¶ 20. In any event, as discussed above, plaintiff's motion for reconsideration in this case continued to seek the same relief on the same grounds. The motion differed from the earlier Rule 59 motion only in that it questioned a comment that the trial court made in denying the Rule 59 motion regarding plaintiff's focus at trial on obtaining damages for long-term rather than short-term injuries. If we were to conclude that plaintiff's motion for reconsideration tolled the appeal period in this case under the rule she proposes, virtually any motion for reconsideration that questioned any comment made in a decision denying an initial Rule 59 motion could be considered to have tolled the running of the appeal

period. Theoretically, such questioning of previous Rule 59 rulings could go on indefinitely, continuing to challenge the nuances of each ruling. Moreover, interests in the finality of judgments and the efficient administration of justice could be compromised by the fact that parties undoubtedly would dispute whether post-judgment motions sufficiently raised new points so as to toll the running of the appeal period. A bright-line rule avoids such potential problems, which would not be sufficiently addressed by a reliance on Vermont Rule of Civil Procedure 11 to prevent frivolous motions.

¶ 21. Nor does *Elam* support plaintiff's proposal. That case involved an initial perfunctory oral post-judgment motion followed by a timely written motion — not successive written motions, with the second one being untimely, as here. The South Carolina Supreme Court reaffirmed previous decisions correctly applying the prevailing federal view that successive post-judgment motions do not toll the running of the appeal period. *Elam*, 602 S.E.2d at 777.

¶ 22. ▉ Next, plaintiff argues that if this Court concludes that successive Rule 59 motions are not permissible, we should refer the matter to the appropriate rules committees or apply our holding prospectively. We reject these arguments. Our role is to interpret the meaning of the law. We have concluded that the rules plainly allow only timely Rule 59 motions to toll the running of the appeal period. Because our decision is based on the plain meaning of our rules and well-established federal law interpreting similar rules, this is not an appropriate case for prospective application of our holding. See *Am. Trucking Ass'ns v. Conway*, 152 Vt. 363, 378, 566 A.2d 1323, 1332 (1989) (stating that judicial decision is applied prospectively "only where the case establishes a new rule of law (either by overruling clear past precedent or by deciding a matter of first impression in a manner 'not clearly foreshadowed'), and where its retroactive application would be inequitable" (quoting *Solomon v. Atlantis Dev., Inc.*, 145 Vt. 70, 74, 483 A.2d 253, 256 (1984))).

¶ 23. ▉ Finally, plaintiff asks this Court to suspend the rules pursuant to Vermont Rule of Appellate Procedure 2 for the purpose of preserving our original opinion in this case. We decline to suspend the rules to extend the running of the appeal period beyond that plainly stated in the rules. See V.R.A.P. 2 (stating that Supreme Court may suspend rules except as otherwise

provided in V.R.A.P. 26(b)); V.R.A.P. 26(b) (stating that Supreme Court may not enlarge time for filing notice of appeal).

*This Court's March 15, 2013 opinion is withdrawn. The appeal is dismissed as untimely filed.*