*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-187

NOVEMBER TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Tyler James Raymond | } | DOCKET NO. 196-1-15 Cncr |

Trial Judge: James R. Crucitti

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a superior court order denying a motion for reconsideration of an order denying his request for reduction of sentence. We dismiss the appeal as untimely filed.

The material facts may be succinctly stated. In January 2015, defendant was charged with grossly negligent operation of a motor vehicle with death resulting in violation of 13 V.S.A. § 1091(b). In August 2015, defendant entered into a plea agreement in which he agreed to enter a plea of guilty for which he would serve a sentence of eighteen months to five years with credit for time served. The agreement was signed by defendant and his attorney. The court accepted the plea at a change-of-plea hearing in August 2015 and scheduled the matter for sentencing the following month. A sentencing memorandum submitted by counsel on defendant's behalf advocated that the court "should impose the agreed-to sentence." At the sentencing hearing on September 11, 2015, the court imposed the agreed-upon sentence.

On December 10, 2015, defendant filed a pro se motion for reconsideration and reduction of sentence under Vermont Rule of Criminal Procedure 35(b), which provides that "[t]he court, on its own initiative or on motion of the defendant, may reduce a sentence within 90 days after the sentence is imposed, or within 90 days after entry of any order or judgment of the Supreme Court upholding a judgment of conviction." The motion was filed just within the 90-day time limit under the Rule. Attached to the motion was a four-page letter from defendant to the court describing in detail the accident that resulted in the charge, defendant's personal background and relationship with the victim, who was his girlfriend at the time, his emotional upset at the time he entered the plea, and his "shock at being under lock and key." The State filed an opposition to the motion.

On January 12, 2016, the court issued an order denying the motion. The court noted that the sentence imposed was consistent with the one that defendant had agreed to in the plea agreement and explained that the court had already "considered all the factors raised by the defendant in his motion at the time of sentencing."

Several months later, in April, 2016, defendant filed a pro se motion for reconsideration of the January 12, 2016, order denying the motion for reduction of sentence. The State opposed the

motion, noting that it was not authorized under Rule 35, which requires that any motion for reduction of sentence be filed within ninety days after sentence is imposed. **Case file** The court denied the motion in a brief entry order, stating that the court had previously considered and rejected defendant's request for sentence reduction. This appeal followed.

We conclude that the appeal is untimely and therefore must be dismissed for lack of jurisdiction. As discussed, the court entered judgment denying defendant's motion for reduction of sentence on January 12, 2016. Any appeal from that order was required to be filed within thirty days, or February 11, 2016, which plainly did not occur here. See V.R.A.P. 4(a) (providing that notice of appeal "must be filed within 30 days after entry of the judgment or order appealed from"). Although motions for reconsideration are occasionally addressed by the trial courts, nothing in the rules authorizes such motions, which—as this case shows—would otherwise effectively expand the time for seeking a reduction of sentence well beyond the ninety days allowed from imposition of sentence or judgment on appeal.

Accordingly, because defendant's notice of appeal from the judgment denying his request for reduction of sentence under V.R.Cr.P. 35(b) was untimely, this Court lacks jurisdiction to consider it, and the matter must be dismissed. See In re Stevens, 149 Vt. 199, 200 (1987) (holding that this Court lacks jurisdiction to consider untimely appeal).

Appeal dismissed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice