STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                        Docket No. 90-8-16 Vtec

| Arthaud CU |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal ZBA Conditional Use (90-8-16 Vtec)

Title:        Motion for Permission to File Cross Appeal & Statement of Questions (Motion 5)
Filer:        Valerie Biebuyck
Attorney:     Pro Se
Filed Date:   May 12, 2017

Response filed on 05/25/2017 by Attorney Liam L. Murphy for Appellant Paul Arthaud
        Opposition
Response filed on 05/26/2017 by Attorney David W. Rugh for Interested Person Town of Charlotte
        Opposition

This is an appeal from a Town of Charlotte Zoning Board of Adjustment (ZBA) decision denying conditional use approval for the demolition and reconstruction of a structure.  The matter is now before the Court on interested persons Valerie Biebuyck and J.C. Biebuyck's motion for permission to file a cross appeal and statement of questions.[1]  The Biebuycks, who are self-represented, filed their motion on May 12, 2017.  Appellant Paul Arthaud, who is represented by Liam L. Murphy and Katelyn E. Ellerman, Esqs., filed an opposition to the motion on May 25, 2017, and the Town of Charlotte (the Town), represented by David W. Rugh, Esq., filed an opposition on May 26, 2017.

After filing a notice of appeal with the Environmental Division, an appellant has 20 days to file a statement of questions.  V.R.E.C.P. 5(f).  A cross appeal must be filed "within 14 days of the date on which the statement of questions is required to be filed pursuant to Rule 5(f) . . . unless the court extends the time as provided in Rule 4 of the Vermont Rules of Appellate Procedure."  V.R.E.C.P. 5(b)(2).  Appellate Rule 4(d) requires a motion for extension of time to file a notice of appeal to be filed "no later than 30 days after" the expiration of the original time for filing the notice of appeal.  V.R.A.P. 4.  We do not have discretion to extend this 30-day deadline. In re Old Town Trail Associates Subdivision, No. 7-1-09 Vtec, slip op. at 3 (Vt. Envtl Ct. Jun. 3, 2009) (Wright, J.).

---

[1] We note that the Biebuycks have framed their proposed questions in terms of whether the ZBA erred in making certain decisions.  Because this is a de novo appeal, we do not review the ZBA's findings of fact or conclusions of law; instead, we sit in the ZBA's place and consider the application anew.  In re Bennington Wal-Mart Demolition / Construction Permit, No. 158-10-11 Vtec, slip op. at 9 (Vt. Super. Ct. Envtl. Div. Aug. 17, 2012) (Walsh, J.).  In addition, insofar as the questions would raise the issue of whether the property was properly subdivided, we note that that issue is not before the Court; the subdivision of the lot appears to be final and binding. See 24 V.S.A § 4472.

Timelines for filing a notice of appeal are "strictly construed," since the filing of a notice of appeal is a prerequisite to our exercise of jurisdiction. In Re Waitsfield Public Water System Act 250 Permit, No. 33-2-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Sep. 15, 2010) (Durkin, J.) (citing City Bank & Trust v. Lyndonville Sav. Bank & Trust Co., 157 Vt. 666, 666 (1991)). This strict construction applies equally to litigants who are represented by an attorney and those who are self-represented. Id. (citing Vahlteich v. Knott, 139 Vt. 588, 590–91 (1981)).[2]

Mr. Arthaud filed his notice of appeal on August 9, 2016. Pursuant to V.R.E.C.P. 5(f), his statement of questions should have been due within 20 days, or by August 29, 2016. Mr. Arthaud and the Town, however, twice stipulated to extend this deadline, and both extensions were approved by the Court. Mr. Arthaud filed his statement of questions on October 31, 2016, within the approved extension period. The 14-day timeline for filing a cross-appeal and the 30-day timeline to file a request for an extension to file a cross-appeal began on this date. Any cross-appeal must have been filed by November 14, 2016, and any request for permission to file a late cross-appeal must have been filed by December 14, 2016.

The Biebuycks filed their motion for permission to file a late cross-appeal on May 12, 2017, nearly five months after the deadline set out in the rules. Because the Biebuycks failed to file an appeal, or a request for extension to file an appeal, within the timelines set out in the rules, we do not have jurisdiction to consider their cross appeal. In Re Waitsfield Public Water System, No. 33-2-10 Vtec, slip op. at 2 (Sep. 15, 2010) (citing Casella Const., Inc. v. Dept. of Taxes, 2005 VT 18, ¶ 3). For this reason, the motion for permission to file cross appeal and statement of questions is **DENIED**.

Electronically signed on June 05, 2017 at 01:24 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division


Notifications:
Liam L. Murphy (ERN 3953) and Katelyn E. Ellermann (ERN 6654), Attorneys for Appellant Paul Arthaud
David W. Rugh (ERN 1507), Attorney for Interested Person Town of Charlotte
Interested Person Nina Cucchiari
Interested Person Norman Ernsting
Interested Person Valerie Biebuyck
Interested Person J.C. Biebuyck
Mediator Donald R.(Tad) Powers

---

[2] We note that although the Biebuycks appear as self-represented litigants, Valerie Biebuyck is a Vermont licensed lawyer.