The defendant, Mary Bishay, appeals from a decision and order of the Appellate Division of the District Court denying her motion to vacate the dismissal of her appeal and from an order denying her motion for reconsideration of that denial. In its initial decision, the Appellate Division found no error in the motion judge's ruling dismissing her appeal and affirmed it, in a decision filed on May 3, 2019. The defendant moved for reconsideration, and the Appellate Division denied that motion in an order filed on May 25, 2017. The defendant appealed from both the initial order and the denial of her motion for reconsideration. We affirm.
Procedural background. The plaintiff, Midland Funding LLC,[2] sued the defendant in the District Court, seeking to recover on a defaulted credit card debt. That court entered a default, pursuant to Mass. R. Civ. P. 55 (a), 365 Mass. 822 (1974), against the defendant for failing to appear for the pretrial conference.
The defendant then moved to vacate the default pursuant to Mass. R. Civ. P. 55 (c), 365 Mass. 822 (1974). On March 31, 2015, after hearing, a judge denied that motion. Before a final judgment had entered, the defendant filed a notice of appeal on April 10, 2015, under Dist./Mun. Cts. Rules for Appellate Division Appeal 8C, from the denial of her motion to vacate the default. The defendant filed her notice of intent to proceed under rule 8C, without a transcript. Subsequently, a default judgment against the defendant entered in the District Court. The defendant filed an amended notice of appeal under rule 8C, but took no action to perfect her appeal.
On October 16, 2015, after a hearing on the plaintiff's motion to dismiss the defendant's appeal, the judge dismissed the appeal for her failure to perfect it. The defendant then filed a motion to vacate the dismissal, which the judge denied on January 5, 2016. On January 13, 2016, the defendant filed her "Second Amended Notice of Appeal Under Rule 8C." On appeal, the Appellate Division pointed out that the "only issue properly before us is the propriety of the trial court's January 5, 2016 denial of [the defendant's] motion to vacate dismissal of the appeal."
The Appellate Division affirmed the judge's denial of the defendant's motion to vacate the dismissal of her appeal. The Appellate Division did so in a comprehensive and thoughtful decision and order. The defendant filed a motion for reconsideration which the Appellate Division denied on May 23, 2017. On June 12, 2017, the defendant filed her notice of appeal.
Discussion. In denying the defendant's motion to vacate the dismissal of her appeal, the Appellate Division held, in pertinent part:
"Bishay's right to appeal the [District Court's] rulings matured with the entry of judgment against her on May 20, 2015. Unfortunately for her appeal, although her May 29, 2015, Amended Notice of Appeal Under Rule 8C was timely ... her failure to perfect that appeal provided the trial court with a proper basis on which to dismiss it."
The Appellate Division added that a party's failure to perfect an appeal had been deemed a serious misstep warranting dismissal of the appeal. We agree.
"Under the applicable rules ... the initial filing of a notice of appeal is only a preliminary 'foot in the door,' and the appeal may not proceed or be transmitted to the Appellate Division until the party filing the notice has actually selected one of the three available methods set forth in Dist./Mun. Cts. Appellate Division Appeal Rules 8A-8C for bringing such an appeal to the Appellate Division." Crystal Constr. Corp. v. Hartigan, 56 Mass. App. Ct. 324, 330 (2002). The Appellate Division could properly conclude in this case that the judge did not abuse his discretion in dismissing the defendant's appeal. It was for the motion judge to decide whether, in the context of this case, the defendant's failure to perfect her appeal was either a serious misstep or a matter of excusable neglect.
In Schulte v. Director of the Div. of Employment Sec., 369 Mass. 74, 79 (1975), the Supreme Judicial Court stated that "a distinction is taken between serious missteps and relatively innocuous ones." Here, the judge concluded that the defendant's failure to perfect her appeal was a serious misstep. The Appellate Division concurred. We have no basis to disturb that determination.
We review the denial of a motion for reconsideration for an abuse of discretion. See Cullen Enters., Inc. v. Massachusetts Prop. Ins. Underwriting Ass'n, 399 Mass. 886, 894 (1987) ; Raheman v. Raheman, 59 Mass. App. Ct. 915, 916 (2003). There was no error or abuse of discretion in the denial of the motion for reconsideration.[3]
Decision and order of Appellate Division affirmed.
Order denying motion for reconsideration affirmed.

As assignee of Chase Bank USA, N.A. (Chase).

The plaintiff sought attorney's fees and costs in the District Court, where they were denied, and seeks them again here. There is no basis for such an award in either court.