FILED

MAY 12 2009

ORANGE SUPERIOR COURT

**STATE OF VERMONT**
**ORANGE COUNTY**

IN RE ESTATE OF FREDERICK WHITE )     Orange Superior Court
)     Docket No. 19-1-09 Oecv
)

**DECISION**
**Appellee's Motion to Dismiss**

On December 18, 2008, the Orange Probate Court approved a final distribution and administrator's accounting in the matter of the Estate of Frederick White. The only amounts involved in the final distribution were $1,087.49 representing the balance remaining from a partial estate distribution made in March 2008, and $10,000 representing the receipt of a bond payment from former estate administrator Terry White.

Estate beneficiary Marcia Norton faxed a notice of appeal from the final distribution to the Orange Probate Court on January 16, 2009. Ms. Norton did not deliver an original notice of appeal either in person or by mail at that time. She also did not pay a filing fee or submit an application for leave to proceed *in forma pauperis*. Instead, in response to a January 22, 2009 letter from the Orange Superior Court Clerk advising that the documents had not been filed, Ms. Norton personally delivered an original notice of appeal and an IFP application on February 4, 2009.

Although the January 22nd letter from the court clerk may have created the impression that the time for filing an appeal had not passed, the record shows that Ms. Norton's appeal was untimely when filed on February 4th. An individual seeking to appeal from an order of the Probate Court must file a notice of appeal, together with the filing fee or application for leave to proceed *in forma pauperis*, within 30 days of the order from which the appeal is sought. V.R.A.P. 4; V.R.C.P. 72(a). In this case, any notice of appeal from the December 18, 2008 final distribution was required to be filed by January 20, 2009, since January 17th was a Saturday, and January 19th was a federal holiday. Cf. V.R.C.P. 6(a) (explaining that if the end of a time period falls on a weekend or holiday, the end of the time period is the next business day).

The only document filed by Ms. Norton prior to the January 20th deadline was received by fax transmission. Notices of appeal cannot be faxed, but rather must be filed either by delivering it in person to the clerk within 30 days, or sent by first-class mail so long as the mail is received by the clerk within 30 days. V.R.A.P. 25(a); V.R.C.P. 72(a). The Vermont Supreme Court has previously dismissed an appeal as untimely filed where the notice of appeal was faxed, rather than mailed or delivered, within the time for filing. *Fiske v. Perry*, 2007 VT 58, ¶ 1, 182 Vt. 540 (mem.).

In this case, Ms. Norton's appeal was untimely because she did not file a notice of appeal with the court either in person or by mail within 30 days from the date that the

judgment was entered. Although the court clerk's letter may have created the impression that the time for filing had not passed, the court cannot accept any notices of appeal that are filed after the deadline, because the timely filing of a notice of appeal is a jurisdictional requirement. *City Bank & Trust v. Lyndonville Savings Bank and Trust Co.*, 157 Vt. 666, 666 (1991) (mem.); *In re Guardianship of L.B.*, 147 Vt. 82, 84 (1986) (dicta). For these reasons, the court concludes that the appeal should be dismissed.

## ORDER

Appellee's Motion to Dismiss (MPR #1) is *granted*. Appellant Marcia Norton's appeal is *dismissed* as untimely filed.

Dated at Chelsea, Vermont this 12th day of May, 2009.

Hon. Mary Miles Teachout
Superior Court Judge