**Vickie L. FOURNIER v. Janus FOURNIER**

[738 A.2d 98]

No. 97-529

July 12, 1999. Mother appeals from a decree entered in the Orleans Family Court vesting her with sole parental rights and responsibilities for the parties' two minor children; but subject to father's visitation rights. At issue is mother's allegation that father sexually abused the children and thus should be forbidden from having any contact with them. On appeal, mother contends that (1) she is entitled to a new trial because the record of the previously concluded proceedings is inadequate to permit this Court to conduct the requisite appellate review, (2) given the trial court's finding that the children were the victims of sexual abuse, it was reversible error to determine that mother had failed to present clear and convincing evidence that father was the perpetrator, and (3) even assuming that the relevant findings were not erroneously made, the trial court failed to give due consideration to the best interests of the children in fashioning the visitation order. We affirm.

Before reaching the merits, we must first consider father's contention that mother's appeal is untimely, thus depriving us of jurisdiction. See *City Bank & Trust v. Lyndonville Savings Bank & Trust Co.*, 157 Vt. 666, 666, 599 A.2d 1051, 1052 (1991) (noting jurisdictional nature of timeliness issue). The family court judge signed a partial final order and divorce decree on September 8, 1997, dividing the marital estate but deferring the issue of parental rights and responsibilities. This decree was entered on the family court's docket on September 23, 1997. Meanwhile, on September 17, 1997, the court entered the supplemental final order that is presently on appeal, making extensive findings of fact on the allegations of sexual abuse and resolving the issues of parental responsibilities and visitation. On October 2, 1997, mother filed a document captioned "Motion for Reconsideration" bearing the date of October 1, 1997 and the signature of the attorney

who then represented her. After a hearing, the court denied this motion by order entered on November 14, 1997. Mother filed her notice of appeal with the family court on December 15, 1997.

Father first argues that the appeal is untimely because the notice of appeal was not filed within thirty days of the supplemental final order. Rule 4 of the Vermont Rules of Appellate Procedure explicitly provides that the running of time for the filing of a notice of appeal is terminated by the "timely" making of certain post-judgment motions in the trial court, among them a motion to alter or amend the judgment pursuant to V.R.C.P. 59(e). See V.R.F.P. 4(a)(1) (Rules of Civil Procedure apply to divorce proceedings unless otherwise provided). Although the post-judgment motion filed by mother was denominated a motion to reconsider rather than a motion to alter or amend the judgment, it was substantively indistinguishable from such a motion. The caption is not determinative to the application of V.R.C.P. 59(e) and V.R.A.P. 4. See 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2810.1, at 122 & n.8 (1995 and Supp. 1999) (construing analogous F.R.C.P. 59(e)) (citations omitted).

Father also contends that mother's Rule 59(e) motion was not timely because it was filed with the family court eleven days after entry of judgment, excluding weekends as provided by V.R.C.P. 6(a). We disagree. "[T]he language of Rule 59 is clear and only requires *service* within 10 days and filing a reasonable time thereafter." *Derosia v. Liberty Mut. Ins. Co.*, 155 Vt. 178, 181 n.1, 583 A.2d 881, 883 n.1 (1990) (emphasis added).[1]

Under V.R.C.P. 5(b) service by mail, the method properly used in this case, is complete upon mailing. Mother alleges that she mailed the motion to father and the court on October 1, 1997, within the time allowed. Father has not effectively contested this representation, relying only on the erroneous position that the time limit relates to filing rather than to service. Father failed to contest the timeliness of the motion in the family court, and, therefore, there has been no factual development of the issue. Under the circumstances, we must accept mother's representation and proceed to the merits of the appeal.

Mother first argues that she is entitled to a new trial because no transcript is available for parts of the testimony in the original trial. Apparently, the court reporter died before the transcript could be completed, and parts of his notes cannot be found. Without attempting to obtain a stipulation to their accuracy, or resolution of their accuracy in the family court, mother has presented us with letters from trial counsel for mother and the children containing representations as to at least part of the testimony for which we have no transcript.

V.R.C.P. 59(f) directly covers the relief mother seeks, providing that if a part of the evidence cannot be transcribed because of "the reporter's death," or other reasons, the trial court may grant a new trial "if it is satisfied that the lack of such transcript prevents a party from effectively prosecuting an appeal." See V.R.F.P. 4(a)(1) (Rules of Civil Procedure apply in divorce proceedings except as otherwise provided). Mother failed to file a Rule 59(f) motion, arguing as a justification that the rule requires that the motion be filed within ten days, an impossibility in this case. In fact, the rule contains no time limit, and her demand to us for a new trial is unpreserved.

Moreover, V.R.A.P. 10(c) and (e) provide procedures for correcting a deficient

[1] This guidance from *Derosia* is in conflict with the Court's opinion in *Waitt v. Waitt*, 137 Vt. 374, 375, 406 A.2d 395, 396 (1979), and we thus acknowledge the abrogation of the earlier case, based on the plain language contained in paragraphs (b) and (e) of Rule 59.

record of trial court proceedings through reconstruction of those proceedings by the trial court. Although mother took initial steps to determine the substance of the missing testimony by obtaining the recollection of trial counsel, she failed to follow through to a trial court determination of that substance, and father had no opportunity to participate in reconstructing the evidence. Under the circumstances, mother has waived any claim of error based on the deficient transcript. We recognize that Appellate Rule 10(e) gives us the power to correct the record, irrespective of the action of the trial court, but mother has not sought that relief. Moreover, even if mother's claim were properly preserved, she has made no showing of prejudice from the missing transcript section. See *Gionet v. Town of Goshen*, 152 Vt. 451, 455-56, 566 A.2d 1349, 1351 (1989) (no relief available under V.R.A.P. 10(e) because appellant failed to "demonstrat[e] that the total record . . . was deficient, or how any such deficiency prejudiced [appellant]"). If anything, the lack of a transcript appears to prejudice father because many of mother's arguments are based on her assertion that key findings have no support in the evidence.

Finally, we reject the argument, as we did in the case of *In re S.B.L.*, 150 Vt. 294, 297, 553 A.2d 1078, 1081 (1988), that reversal of the judgment is appropriate because appellate counsel is deprived of the ability to comb the record to look for errors to present on appeal. Intervention is appropriate where the lack of a complete record adversely affects the ability of a party to fully present an identified appeal issue. We will not intervene to help appellate counsel determine whether such issues exist.

Mother's other arguments center on allegations that father sexually abused the parties' two children. At the time the family court adjudicated parental rights and responsibilities, the parties' son was

11 years old and their daughter 6. The court found, in relevant part, that (1) after mother filed for divorce, the older child was discovered engaging in sexual activity with his sister and thereafter stated that father had sexually abused both of them, (2) a babysitter had physically abused the older child and "access for abuse" to the child had not been "limited to [father]," (3) the older child testified that father sexually abused both children, and (4) the children's therapists believed that father is the perpetrator of the sexual abuse. The court determined that the children had been the victims of sexual abuse, but explicitly declined to find by clear and convincing evidence that father was the perpetrator. See *Mullin v. Phelps*, 162 Vt. 250, 263, 267, 647 A.2d 714, 721, 724 (1994) (requiring proof by clear and convincing evidence before terminating all parent-child contact based on allegations of sexual abuse).[2] In so ruling, the court noted that the only admissible evidence of father having committed sexual abuse was the "uncorroborated and inconsistent testimony" of the older child.

Mother contends that the family court erred because the child's statements, made both in and out of court, were consistent on the issue of who perpetrated the sexual abuse — father — wavering only on other issues, such as details about what kind of abuse occurred. Mother points out that the older child's identification of father as the abuser was

---

[2] Mother argues that the family court misread *Mullin* so as to conclude it could impose no restrictions on father's visitation rights absent clear and convincing evidence of father's abuse. This is a mischaracterization of the situation faced by the family court. At the time it rendered its decision, there was no contact between father and his children by virtue of a relief-from-abuse order, and the trial court properly understood itself to be deciding whether that situation should be allowed to continue.

corroborated by testimony of his sister's therapists, who stated that the younger child had also identified father as the perpetrator. Finally, mother contends that there is insufficient evidentiary support for two specific findings that underlie the court's overall determination about the identity of the abuser.

For the reasons set out by mother in her brief, relating to the manner in which sexually abused children cope with such experiences and recall them to others, this case required the family court to make the most difficult and sensitive of credibility determinations. "Given its unique position to assess the credibility of witnesses and weigh the evidence, we will not set aside the [family] court's findings if supported by the evidence, nor its conclusions if supported by the findings." *Begins v. Begins*, 168 Vt. 298, 301, 721 A.2d 469, 471 (1998) (citations omitted). "Granting, modifying, or denying visitation is within the discretion of the trial court and will not be reversed unless its discretion was exercised upon unfounded considerations or to an extent clearly unreasonable upon the facts presented." *Gates v. Gates*, 168 Vt. 64, 74, 716 A.2d 794, 801 (1998) (citations and internal quotation marks omitted). Given these principles, we cannot conclude that the trial court was obligated to accept the older child's testimony about the identity of his abuser. The discretion to assess witness credibility includes the authority to reject some but not all of a witness's testimony. See *State v. Norton*, 134 Vt. 100, 103, 353 A.2d 324, 326 (1976) (factfinder "may accept or reject, in whole or in part, the testimony of any witness").

Mother draws our attention to testimony of the children's therapists to the effect that both children identified father as the abuser. Based on this testimony, mother contends that the court erred in finding that the older child's identification of father as the perpetrator is uncorroborated. This ignores the family court's explicit determination that it was admitting such testimony from the therapists, over a hearsay objection from father, solely for the purpose of establishing the basis for the therapists' professional recommendations. As mother notes, V.R.E. 804a creates a hearsay exception relating to statements made by certain children who are putative victims of sexual abuse, but only upon certain specific findings by the trial court. See V.R.E. 804a(a) (enumerating required findings, including determination that "time, content and circumstances of the statements provide substantial indicia of trustworthiness"). Mother does not contend that the therapists' statements were offered or admitted under Rule 804a. Therefore, when considering the truth of the older child's testimony that he was sexually abused by his father, the court accurately assessed the evidence when it found the testimony to be uncorroborated by evidence admitted for that purpose.

The two specific findings challenged by mother are the court's determinations that (1) a medical examination of the children, conducted shortly after disclosure of the abuse, found no physical evidence and (2) that, with regard to the older child, "access for abuse was not limited to [father]." Concerning the former, the children's grandmother testified without objection that the doctor informed her he had seen no evidence of sexual abuse. As to the latter, mother herself notes that the record supports an inference that the older child spent time with other male family members. While we share mother's concern that the latter finding could be reasonably understood to imply that the court had an alternative perpetrator in mind, for purposes of supporting the court's ultimate determination as to father's alleged abuse, the finding at issue goes no further than stating that other adults had access to the child.

The family court's determination, that proof by clear and convincing evidence

that father sexually abused his children was lacking, is exactly the kind of credibility call the court must make. It is supported by the evidence and was not based on unfounded considerations or made unreasonably. We therefore decline to disturb it.

Finally, mother challenges the family court's order concerning visitation because it does not contain an explicit consideration of the factors enumerated in the statute governing determinations of parental rights and responsibilities, 15 V.S.A. § 665, or the statute's overall mandate to be "guided by the best interests of the child[ren]." *Id.* at (b). Reversal is not warranted on this basis.

Mother sought a total denial of visitation and raised the issue of visitation restrictions only in her motion for reconsideration. In fact, the court imposed transitional restrictions, requiring initially that visitation be supervised at a special visitation facility and thereafter at the home of father's parents. Mother never raised below the argument she makes here: that the court violated § 665 by failing to determine explicitly what visitation order is in the best interests of the children and to evaluate explicitly each of the statutory factors. We conclude that her argument is unpreserved and is waived.[3] See *Jakab v. Jakab*, 163 Vt. 575, 581, 664 A.2d 261, 264 (1995).

Although we do not reach the merits of mother's argument, we point out that the Legislature has determined the best interests of children "to have the opportu-

nity for maximum continuing physical and emotional contact with both parents, unless direct physical harm or significant emotional harm to the child or a parent is likely to result from such contact." 15 V.S.A. § 650. We have reviewed the court's decisions and orders in their entirety and believe the court fully considered the potential physical or emotional harm to the children and the parties in making its visitation order. We find no abuse of discretion. See *Gates*, 168 Vt. at 67-68, 716 A.2d at 797.

*Affirmed.*

---

[3] Citing *Varnum v. Varnum*, 155 Vt. 376, 391, 586 A.2d 1107, 1110-11 (1990), mother argues that we can reach her visitation issue, despite lack of preservation, because "manifest injustice will result" from implementation of the family court's visitation order. Even if we agree that *Varnum* applies in this nonconstitutional case, we are not persuaded that the asserted error meets the *Varnum* standard.