*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-008

SEPTEMBER TERM, 2014

| | | |
|---|---|---|
| Joseph Lloyd Bertrand | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Stephanie M. Murray | } | DOCKET NO. 217-5-11 Rddm |

Trial Judge: Cortland Corsones

In the above-entitled cause, the Clerk will enter:

Father appeals a family-court order regarding counseling for the parties' children and contact of the parties' children with mother. Father argues that the order is an abuse of discretion. We affirm.

The parties were at one time in a relationship and have three minor children. Based on the parties' stipulation, the court granted shared legal and physical rights and responsibilities in September 2011. Soon thereafter, father moved for full custody based on mother's alcoholism. In November 2011, the court granted father legal and physical responsibility of the children, finding mother had a severe alcohol addiction that posed a safety concern for the children. The order allowed parent-child contact with mother in the evenings and on weekends, but gave father the right to terminate contact if mother was under the influence of alcohol prior to or during a visit.

Mother did not have contact with the children for some time due to her alcoholism, and there ensued motions and orders concerning the appropriate terms for mother's contact with the children. In August 2012, the court attempted to set up a gradual transition schedule towards regular contact, but mother relapsed and did not see the children for several months. In January 2013, based on mother's sobriety, the court again ordered a slow transition to in-person contact, beginning with letters, then telephone calls, and eventually visits. The court also found it was in the children's best interests to have visits with their maternal grandmother and half-brother, over whom grandmother has guardianship. The court set up a schedule for these visits. This order was not appealed.

Issues arose around the implementation of the gradual contact schedule, and mother filed to enforce and for contempt in July and August 2013. The court admonished both parties in its August 2013 order for failing to do more to reestablish the children's relationship with mother. The court found mother had been sober for close to a year, and urged her to make more effort to

rebuild her relationship with the children. The court set out a process for recommencing parent-child contact and directed that the children engage in reunification therapy. The court directed father to cooperate by accepting mother's correspondence to the children, ensuring the children attend therapy, and facilitating visits with the children's maternal grandmother and half-brother. Father did not appeal this order.

In October 2013, the children's attorney filed a letter seeking a status conference because the counseling required by the August order had not yet been set up. Following a hearing, on December 2, 2013, the court issued an order pertaining to several requests for clarification regarding the counseling requirement. The court identified a counselor for the children and ordered that counseling take place once a week on every other Wednesday and Friday. The court noted father's objections to the ordered counseling, but found that reunification therapy was a priority for the children. The court directed that visits with the maternal grandmother should take place as outlined in the August 2013 order. On December 2, 2013, the court also denied father's request to change venue. On December 24, 2013, father filed a notice of appeal from the December 2 orders.

On appeal, father first claims that the court erred in denying his motion to change venue. Father had requested a change of venue from Rutland County to Orange County, where father and the children reside. The court denied the motion, concluding a change in venue was not appropriate because mother continued to reside Rutland County, the attorney for the children was in Rutland County, and the guardian ad litem for the children was nearby in Addison County. Under the rules, a post-judgment motion in a divorce proceeding is properly made in the county where the original judgment was rendered if the opposing party resides there. V.R.F.P. 4(j)(5)(A). Because the original order issued in Rutland County and mother continued to reside there, it was properly filed and heard in Rutland County. The court has the power to remove a proceeding to a different county when it is necessary to ensure impartiality. See 12 V.S.A. § 404(a). The court has discretion in making this determination, Willard v. Norcross, 83 Vt. 268, 270-71 (1910), and father has failed to demonstrate an abuse of that discretion.

Father's main argument is that the December 2, 2013 order inappropriately allows others to control father and his family and forces them to do things that they are uncomfortable doing. Father states that mother is an alcoholic, who has abandoned her children and engaged in illegal acts. He asserts that the children do not want contact with mother and the court's order requiring therapy is "gross and negligent." Mother argues that father is effectively trying to challenge the January and August 2013 orders, which are final.

Certainly, as mother asserts, the January and August 2013 orders are final, and father cannot challenge the terms of those orders in the context of this appeal. For this reason, we do not address father's arguments concerning visitation with the maternal grandmother, or the schedule to gradually resume regular contact with mother, which were both established in the January and August 2013 orders.

We do, however, address father's arguments that the December 2, 2013 order improperly imposes further requirements regarding counseling for the children. Father contends that this requirement of counseling is beyond the court's discretion because the children do not want

contact with mother and the counseling schedule interferes with his family's schedule. A decision to grant, modify, or deny visitation rests within the discretion of the family division and will not be reversed unless the court exercised its discretion based on unfounded considerations or to an extent clearly unreasonable given the facts before it. Fournier v. Fournier, 169 Vt. 600, 603 (1999) (mem.). In modifying a parent-child contact order, the family division must be guided by the best interests of the child. See 15 V.S.A. § 665(b) (directing the family court to "be guided by the best interests of the child" in making an order determining parental rights and responsibilities.). The court is guided by the Legislature's instruction that "it is in the best interests of [the parents'] minor child to have the opportunity for maximum continuing physical and emotional contact with both parents, unless direct physical harm or significant emotional harm to the child . . . is likely to result from such contact." 15 V.S.A. § 650. Therefore, absent a showing that contact would be detrimental to the children's best interests, the court is obligated to consider some type of contact with both parents. See DeSantis v. Pegues, 2011 VT 114, ¶ 35, 190 Vt. 457 (requiring showing by clear and convincing evidence prior to suspending contact with one parent).

Here, it was within the court's discretion to determine that reunification therapy was warranted as part of the children's gradual transition towards contact with mother. See Fenoff v. Fenoff, 154 Vt. 450, 452 (1990) (holding that court had discretion to require child who was hostile to parent to see parent with aid of counselor). The children's alleged desire to not have contact with mother was not binding on the court, which was tasked with considering the children's best interests. See Renaud v. Renaud, 168 Vt. 306, 310 (1998) (explaining that court should be wary of relying on a child's expressed preference for one parent since the child's desire does not always reflect child's long-term best interests). Further, that the counseling schedule may be inconvenient for father is not enough to make it an abuse of discretion. While father contends that the court should have taken a different course, it is well established that the family division, not this Court, must weigh the evidence. Cabot v. Cabot, 166 Vt. 485, 497 (1997).

Father also claims that the judges in his case were biased and had a conflict of interest.[*] Judge Nancy Corsones issued the January and August 2013 orders, and father claims that she was biased against him for personal reasons and should have been recused. The January and August 2013 orders are final and not before us in this appeal. In any event, father has failed to show any bias. That father disagrees with the court's result does not demonstrate bias. See Luce v. Cushing, 2004 VT 117, ¶ 23, 177 Vt. 600 (mem.) (noting that prejudice is not established merely by showing "the existence of adverse rulings, no matter how erroneous or numerous" (quotation omitted)). Moreover, the court's decision demonstrates that it considered all of the evidence carefully and made its decision based on the record, not on an inherent bias.

---

[*] Judge Cortland Corsones issued the December 2, 2013 orders that are on appeal. In his appellate brief, father questions whether Judge Cortland Corsones is related to Judge Nancy Corsones and therefore has the same bias. Because we conclude that there are no grounds to disqualify Judge Nancy Corsones, we need not address this argument. In any event, father failed to make a request for disqualification in the family division; therefore, his argument is not preserved on appeal. DeLeonardis v. Page, 2010 VT 52, ¶ 31, 188 Vt. 94.

3

Father asserts that his attorney failed to provide him with effective assistance in August 2012 when he entered the stipulation for parental rights and responsibilities. The August 2012 stipulation is final and not on appeal. Therefore, we do not address this issue.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice